IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SANTIAGO VALDEZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-856-A |
| | § | (NO. 4:11-CR-065-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of movant, Santiago Valdez, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed such motion, the government's response thereto,[1] and applicable legal authorities, the court concludes that the motion should be dismissed.

I.

Background

After pleading guilty to conspiracy to distribute a controlled substance, movant was sentenced on September 2, 2011, to a term of imprisonment of 360 months and a five year term of supervised release. CR. Doc.[2] 66. Movant appealed, and the Fifth Circuit affirmed movant's conviction on August 14, 2014. United

---

[1] A November 9, 2015 court order gave movant the chance to reply to government's response by December 23, 2015. To date movant has filed no reply. Doc. 4. The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this civil case, No. 4:15-CV-856-A.

[2] The "CR Doc. __" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal proceeding, No. 4:11-CR-065-A.

States v. Valdez, 475 F. App'x. 532 (5th Cir. 2012). On December 3, 2012, movant filed his first motion under 28 U.S.C. § 2255. CR. Doc. 105. The court denied movant's first motion under § 2255.[3] The Fifth Circuit affirmed the denial of movant's first motion under § 2255. United States v. Valdez, 578 F. App'x. 366 (5th Cir. 2014).

II.

Analysis

A. Second or Successive § 2255 Motions

A second or successive motion under § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). Movant does not allege that he has sought or obtained the required relief. The savings clause of § 2255 "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

B. Movant's § 2255 Motion is Not Timely Filed

Apparently recognizing that his motion would be considered a

---

[3] Papers on file in petitioner's first motion under § 2555 are found in No. 4:12-CV-868-A.

2

second or successive motion, movant argues that the recent Supreme Court decision of Johnson v. United States, applies retroactively on collateral review and that movant's motion is therefore not second or successive. 135 S. Ct. 2551 (2015); Doc. 1 at 4-5. Johnson held that an increased sentence under the Armed Career Criminal Act's ("ACCA")[4] residual clause violates due process of law. Id. at 2254-55.

The Supreme Court did not state whether Johnson would apply retroactively. See 135 S. Ct. 2551. However, the Fifth Circuit has held that Johnson does not apply retroactively. In re Williams, 806 F.3d 322, 325 (5th Cir. 2015). Accordingly, movant is unable to raise an argument under Johnson. Thus, his petition does not fall within the savings clause for § 2255 motions because even if this was his first motion under § 2255 his argument would be foreclosed.

---

[4] The Armed Career Criminal Act ("ACCA") prevents felons from possessing firearms. 18 U.S.C. § 922(g). If a violator of this statute has three or more convictions for a "serious drug offense" or "violent felony" the ACCA increase the violator's prison term to a minimum of fifteen years and maximum of life imprisonment. 18 U.S.C. § 924(e). The ACCA defines violent felony as:
> any crime punishable by imprinsonment for a term exceeding one year ... that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .*"

18 U.S.C. § 924(e)(2)(B) (emphasis added). The portion in italics is known as the ACCA's residual clause and is the portion of the statute which Johnson found violated due process of law. Johnson v. United States, 135 S. Ct. 2551, 2554-55 (2015).

III.

<u>Order</u>

Therefore,

The court ORDERS that the motion of Santiago Valdez under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence be, and is hereby, dismissed.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 31, 2015.

_____
JOHN MCBRYDE
United States District Judge